# Exhibit

# A

**U.S. Postal Service**
**Certified Mail Receipt**

**OUTBOUND TRACKING NUMBER**
9415 5116 9900 0841 8134 18

**RETURN RECEIPT TRACKING NUMBER**
9490 9116 9900 0841 8134 55

**FEES**

| | |
|---|---|
| Postage per piece | $3.810 |
| Certified Fee | $3.750 |
| Return Receipt Fee | $3.050 |
| **Total Postage & Fees:** | **$10.610** |

**ARTICLE ADDRESS TO:**

ATTN: SERVICE OF PROCESS
Tennessee Department Of Commerce & Insur
500 James Robertson Parkway
Nashville TN 37243-1131

Shaw

Postmark Here

11/30/21

**SENDER: COMPLETE THIS SECTION**

Shaw

- **Ensure items 1, 2, and 3 are completed.**
- **Attach this card to the back of the mailpiece, or on the front if space permits.**

**1. Article Addressed to:**

ATTN: SERVICE OF PROCESS
Tennessee Department Of Commerce & Insur
500 James Robertson Parkway
Nashville TN 37243-1131

9490 9116 9900 0841 8134 55

**2. Article Number** *(Transfer from service label)*
9415 5116 9900 0841 8134 18

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature:** *(☐ Addressee or ☐ Agent)*
**X**

**B. Received By:** *(Printed Name)*

**C. Date of Delivery**

**D. Is delivery address different from item 1?** ☐ Yes
**If YES, enter delivery address below:** ☐ No

**3. Service Type**

☑ Certified Mail®

PS Form 3811 Facsimile, July 2015 (SDC 3930)

Domestic Return Receipt

CERTIFIED MAIL

stamps.com

★ 1-UP Laser Form★
★USA CMF - 134 05/21★

**CERTIFIED MAIL**

$10.610
US POSTAGE
FIRST-CLASS
FROM 37402
11/30/2021
stamps endicia

062S0009565016

9415 5116 9900 0841 8134 18

ATTN: SERVICE OF PROCESS
Tennessee Department Of Commerce & Insur
500 James Robertson Parkway
Nashville TN 37243-1131

Eric L. Buchanan
*Licensed in Tennessee and Georgia*

Hudson T. Ellis
*Licensed in Tennessee, Georgia and the District of Columbia*

ERIC BUCHANAN
— & ASSOCIATES —
DISABILITY INSURANCE ATTORNEYS

PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
mail@buchanandisability.com
www.buchanandisability.com

November 30, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
No. 9415511699000841813418

ATTN: SERVICE OF PROCESS
Tennessee Department of Commerce & Insurance
500 James Robertson Parkway
Nashville, TN 37243-1131

Re: Kimberly Shaw v. Lincoln Life Assurance Company of Boston
*(Civil No. 1:21-cv-251)*

Dear Sir or Madam:

Enclosed please find (2) copies of the summons, (1) sworn declaration (affidavit) giving the last known address of the Defendant, (1) copy of the stamped complaint for service on Lincoln Life Assurance Company of Boston along with a check in the amount of $15.00.

We would appreciate you accepting these documents as service pursuant to TCA §56-2-504, forwarding a copy to the Defendant via registered mail, and filing an affidavit with the Court notifying it of your compliance with subsection (b) of TCA §56-2-103.

Sincerely,

Ren Orlic

Enclosures

500 James Robertson Parkway
Suite 660
Nashville, TN 37243-1131

MEMO Kimberly D. Shaw]

AUTHORIZED SIGNATURE

⑈0000408 5⑈ ⑆064008637⑆ ⑈2006245⑈

**Eric Buchanan & Associates, PLLC**

4085

TN Dept of Commerce and Insurance 11/30/2021 $15.00

Invoice:

| | | | |
|---|---|---|---|
| Miscellaneous - Court | 19LD20707* Serving Compa;lint and Summons | Shaw. Kimberlv v. Lincoln Life Assurance Co | $15.00 |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KIMBERLY SHAW,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | Civil Action No. 1:21-cv-251 |

**DECLARATION PROVIDING LAST KNOWN ADDRESS FOR DEFENDANT**

Pursuant to Tennessee Code Annotated § 56-2-504 the last known address of the Defendant is:

Lincoln Life Assurance Company of Boston
175 Berkeley St
Boston, MA 02116
Find at: https://sbs-tn.naic.org/Lion-Web/jsp/sbsreports/CompanySearchLookup.jsp

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 30, 2021.

BY: */s R. Chandler Wilson*
R. Chandler Wilson (TN #034491)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| KIMBERLY SHAW<br>*Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 1:21-cv-251 |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON<br>*Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Lincoln Life Assurance Company of Boston (NAIC CoCode: 65315)
by and through
Commissioner of the Tennessee Department of Commerce and Insurance
500 James Robertson Parkway
Suite 660
Nashville, Tennessee 37243-1131

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: R. chandler Wilson
414 McCallie Ave.
Chattanooga, TN 37402

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: October 29, 2021

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:21-cv-251

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KIMBERLY SHAW,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | Civil Action No. 1:21-cv-251 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Kimberly Shaw, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Kimberly Shaw, (hereinafter "Plaintiff"), is a resident of Hamilton County, Tennessee.

5. Defendant Lincoln Life Assurance Company of Boston (hereinafter "Lincoln"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Defendant Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GF3-860-004109-01, issued by Lincoln to Dignity Health.

## FACTS

7. Plaintiff was employed by Dignity Health, in its Santa Cruz, CA location.

8. By virtue of her employment, Plaintiff was enrolled in the Dignity Health Long Term Disability Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by Lincoln under Group Long Term Disability Policy No. GF3-860-004109-01, issued by Lincoln to Dignity Health.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to her medical conditions, including fibromyalgia and chronic fatigue syndrome, on April 21, 2017, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan.

14. Lincoln approved Plaintiff's application and paid benefits from October 18, 2017 until October 17, 2019.

15. By letter dated October 16, 2019, Lincoln terminated Plaintiff's LTD claim.

16. Plaintiff appealed the termination of her benefits by letter dated April 14, 2020, supporting the appeal by providing additional medical records and a medical opinion form completed by her treating rheumatologist, Dr. William Craig.

17. By letter dated May 22, 2020, Lincoln reversed its decision on appeal and reinstated Plaintiff's claim.

18. Lincoln continued to pay Plaintiff LTD benefits until December 7, 2020.

19. By letter dated December 8, 2020, Lincoln once again terminated Plaintiff's claim.

20. Plaintiff appealed the termination of her benefits by letter dated April 14, 2021, supporting the appeal with a favorable Social Security Disability decision, a medical opinion form completed by Dr. Craig, and a Functional Capacity Evaluation dated February 23, 2021.

21. The February 23, 2021 Functional Capacity Evaluation was performed by Benchmark Physical Therapy who found that Ms. Shaw did not demonstrate the ability to perform even sedentary work.

22. By letter dated, July 19, 2021, Lincoln denied Plaintiff's appeal and stated that its decision was final.

23. Plaintiff has exhausted her administrative remedies under the Plan.

24. The Plan does not contain an appropriate grant of discretion to Lincoln, therefore the Court should review Lincoln's decision under the de novo standard of review.

25. Lincoln would pay any benefits due out of its own funds.

26. Lincoln owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

27. Lincoln was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

28. Lincoln allowed its concern over its own funds to influence its decision-making.

29. Lincoln breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

30. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

31. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

32. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

33. The decisions to deny benefits were wrong under the terms of the Plan.

34. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

35. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

36. The decisions to deny benefits were not supported by substantial evidence in the record.

37. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

38. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 13th day of October, 2021.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *<u>/s R. Chandler Wilson</u>*

R. Chandler Wilson (TN #034491)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
cwilson@buchanandisability.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kimberly Shaw

**DEFENDANTS**
Lincoln Life Assurance Company of Boston

(b) County of Residence of First Listed Plaintiff Hamilton County, TN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
R. Chandler Wilson
Eric Buchanan & Associates, PLLC
PO Box 11208, Chattanooga, TN 37401, 423-634-2506

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 1132 (ERISA Section 502)

Brief description of cause:
Recovery of ERISA Plan Benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 0.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
10/13/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ R. Chandler Wilson

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.